---

### In re OPENING OF QUARRY ROAD.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. MUNICIPAL CORPORATIONS — STREETS — ESTABLISHMENT — ASSESSMENTS — CHANGE—GREATER NEW YORK CHARTER.

Greater New York Charter (Laws 1897, p. 347, c. 378) § 980, authorized the board of public improvements to determine what proportion of the expense of a highway should be borne by the city, and required the remainder to be assessed on benefited property. The board was abolished January 1, 1902, and its powers vested in the board of estimate and apportionment; but the powers of the board of public improvements were not transferred to the board of estimate and apportionment, section 980 being amended (Laws 1901, p. 411, c. 466) by striking out "board of public improvements," and inserting in lieu thereof "Board of estimate and apportionment," and adding a provision that the decision of such board as to the proportion of expense to be borne by benefited property, after it shall have been announced, should be final. Section 243, as amended by Laws 1901, p. 108, c. 466, which took effect January 1, 1902, provided that the board of estimate and apportionment should exercise the powers previously vested in the board of street opening and improvements, except as otherwise conferred, and that all proceedings in respect to the powers conferred on the board of estimate and apportionment should continue in force unless abrogated by law. *Held*, that the board of estimate and apportionment had no power to amend a preliminary report in a street proceeding instituted and begun under the consolidation act, and pending on a report filed by the commissioners after the cost had been apportioned, when such board came into existence, by changing the proportion to be assessed against benefited property.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Proceedings for the opening and establishment of Quarry Road. From an order affirming the report of commissioners of estimate and assessment, the Home for Incurables appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRA-HAM, and LAUGHLIN, JJ.

Joseph A. Flannery, for appellant.
George L. Sterling, for respondent.

LAUGHLIN, J. The sole question presented by this appeal is whether it was competent for the board of estimate and apportionment, created by the amendments to the Greater New York Charter (Laws 1901, c. 466), which took effect on the 1st day of January, 1902, with respect to a pending street opening proceeding in which the preliminary report had been filed by the commissioners, and objection thereto considered, and final instructions given for the revision of their report, to amend the resolution of the former board of public improvements fixing the proportion of the expense to be defrayed by local assessment by largely increasing the amount to be thus defrayed. The proceeding was instituted under the consolidation act of 1882 by resolution of the board of street opening and improvement adopted on the 18th day of June, 1897, which provided that the entire expense should be defrayed by local assessment. The commissioners of estimate and assessment were appointed on the 29th day of December, 1897. While the proceeding was pending undetermined before them, the board of public improvements, which had succeeded to the powers and duties of the board of street opening and improvement, adopted a resolution on the 30th day of December, 1901, amending the original resolution by providing that the city should bear two-thirds of the expense, and that one-third only should be assessed upon the property benefited. The commissioners of estimate and assessment filed their preliminary report, and gave public notice of such filing on the 21st day of January, 1902, giving notice that objections thereto must be filed on or before the 1st day of April, 1902, that such objections would be heard on the 4th day of April, 1902, and that the report would be presented for confirmation at a Special Term of the Supreme Court on the 20th day of May, 1902. In this preliminary report the property of the appellant was assessed the sum of $5,790.97. The preliminary report also contained the statement that, in accordance with such resolution of the board of public improvements, one-third of the expense was assessed upon the property benefited and two-thirds shall be borne and paid by the city of New York. The commissioners of estimate and assessment concluded the hearing upon the objections to their preliminary report, and on the 8th day of July, 1902, approved a draft of their final report made in accordance with instructions previously given by them, and instructed their clerk to prepare their final report in accordance with such draft, and have the same ready for their signatures at their next meeting. On the 7th day of August, 1902, the board of estimate and apportionment adopted preambles reciting the previous resolutions determining the proportion of the expense to be borne by the city and by the property benefited, respectively, and a resolution determining that 22½ per cent. of the expense should be borne by the city and that the remainder should be assessed upon the property benefited. The commissioners of estimate and assess-

ment thereupon, without action by the court or further direction, proceeded to make a new or amended preliminary report, which they filed on the 21st day of November, 1902. In this report they assessed the property of the appellant the sum of $11,507.65. This report stated that 77½ per cent. of the entire cost was assessed upon the property benefited, and that 22½ per cent. should be borne by the city. They gave public notice of the filing of this report and of the time of filing and hearing objections thereon and when the same would be presented for confirmation. The appellant filed objections to this last report upon the ground, among others, that the resolution of the board of estimate and assessment under which it purported to have been made was illegal and void. The board of street opening and improvement was abolished, pending this proceeding, by the Greater New York Charter. The powers and duties of that board devolved upon the board of public improvements, which came into existence on the 1st day of January, 1898. Section 980 of the Greater New York Charter, as originally enacted (Laws 1897, p. 347, c. 378), provided that "the board of public improvements may in any case determine whether any, and if any what proportion of the expense thereof shall be borne and paid by the city of New York, and the remainder of such cost and expense shall be assessed upon the property deemed to be benefited thereby." This board was abolished on the 1st day of January, 1902, and corresponding powers and duties were vested in the board of estimate and improvement, but the powers and duties of the board of public improvements was not transferred to the board of estimate and apportionment. So far as material to the present inquiry, the change was made by an amendment to section 980 of the Greater New York Charter (chapter 466, p. 411, of the Laws of 1901), striking out "board of public improvements" and inserting in place thereof "board of estimate and apportionment," and the following sentence was added to the section: "The determination or decision of said board as to the proportion of cost and expense to be borne by the property benefited, after it shall have been made and announced, shall be final and such determination or decision shall not be reopened, or considered by said board." Section 243 of the Greater New York Charter, as amended by chapter 466, p. 108, of the Laws of 1901, which took effect on the 1st day of January, 1902, provides that the board of estimate and apportionment shall exercise such powers and perform such duties with respect to the Greater New York as were theretofore vested in the board of street opening and improvement with respect to the former city of New York, except as otherwise specifically and expressly conferred by that act, and provides that all maps, records, and proceedings of the board of public improvements relating to subjects as to which jurisdiction is conferred upon the board of estimate and apportionment shall be transferred to, kept and maintained in, the office of the board of estimate and apportionment. It further provides that the board of estimate and apportionment shall exercise such other powers and perform such other duties as are vested in it by the Greater New York Charter, or as may be devolved upon it by the board of aldermen pursuant to law, and concludes as follows:

"All acts or proceedings heretofore performed or taken by the board of public improvements of the city of New York in respect to the powers hereby conferred and the duties hereby imposed upon the board of estimate and apportionment shall continue to be valid and of full force and effect unless modified, repealed or abrogated in the manner provided by law."

Both parties concede that these are the only statutory provisions that throw any light upon the question presented. Both likewise concede that it was the practice of the old board of street opening and improvement to at any time amend resolutions fixing the proportion of the expense to be defrayed by local assessment. The learned assistant corporation counsel contends that, if the resolution of the board of estimate and apportionment is void, the resolution of the board of public improvements is likewise void, and that, consequently, the entire expense should be raised by local assessment. No decision is cited upholding the practice of amending the resolutions or construing the provisions of the statute in that regard. It is not necessary that we should decide whether or not that practice was authorized. Nor does it follow that the resolution of the board of public improvements must fall if the resolution of the board of estimate and apportionment was unauthorized. Whether the board of public improvements had authority to amend the resolution or not, it was competent for the Legislature to ratify its acts, and this, we think, has been clearly done by the last sentence of section 243 of the Greater New York Charter, herein quoted. Whether there was authority to amend such resolutions before or not, the Legislature has, by the sentence added to section 980, also quoted, determined that that shall not be done in the future. If the board of public improvements had been abolished, and the Legislature had declared that the powers and duties vested in and devolving on that board should be exercised and performed by the board of estimate and apportionment, then it would undoubtedly be necessary for us to decide whether it was competent for the board of public improvements to amend its own resolutions of this character, for, if it had such authority, its successor, created in the manner described, would doubtless possess the same authority; but, as has been seen, that was not the form that the legislation took. The statute does not purport to transmit any of the powers and duties of the board of public improvements to the board of estimate and apportionment. The Legislature merely struck out the words "board of public improvements" and inserted in place thereof the words "board of estimate and apportionment"; and it ratified the acts of the board of public improvements concerning street opening proceedings which included all resolutions of this character. In these circumstances we think it clear that the power vested in the board of estimate and apportionment to determine "in any case" whether any, and, if any, what, proportion of the cost and expense of a street opening proceeding should be borne by the city, relates to future proceedings instituted by it, or to proceedings in which that question has not been passed upon. It confers no authority upon the board of estimate and apportionment to revise the action of the board of public improvements. Moreover, we find no statutory authority, and it would seem to require clear legislative action, to authorize the commissioners of estimate and assessment, after

filing their preliminary report, and the public hearing thereon is closed, and they have passed upon the questions presented and decided upon their final report, to reconsider the whole matter, and by reason of a subsequent amendment of a resolution with reference to the proportion of the expense to be borne by the city and by the property specially benefited to make the assessment anew upon an entirely different basis, and file another preliminary report. If, as claimed, the resolution of the board of public improvements relieving the property owner from such a large percentage of the costs of these proceedings was arbitrary or unjust, the city must obtain relief by discontinuing the proceedings or by legislation; but it cannot be obtained in the manner attempted as disclosed by this record.

It follows that the order should be reversed, with costs, and the report should be referred back to the commissioners of estimate and assessment to make a final report without regard to the action of the board of estimate and apportionment in attempting to amend the resolution of the board of public improvements. All concur, except O'BRIEN, who dissents.